Roger A. Colvin, Esq. (State Bar No. 68773)
ALVAREZ-GLASMAN & COLVIN
Attorneys at Law
13181 Crossroads Parkway North
Suite 400 – West Tower
City of Industry, CA  91746
(562) 699-5500 · Office
(562) 692-2244 · Facsimile
rcolvin@agclawfirm.com

Attorneys for Defendants, CITY OF BELL GARDENS
and JENNIFER RODRIGUEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISSETTE SAAVEDRA, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF BELL GARDENS, a Municipal Corporation; MANUEL ORTEGA, an individual and as Chief of Police of Bell Gardens; JENNIFER RODRIGUEZ, an individual and as a Councilwoman for the City of Bell Gardens; and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | Case No. CV07-03071 RGK (Ex)<br><br>Honorable R. Gary Klausner<br><br>JUDGMENT GRANTING DEFENDANTS CITY OF BELL GARDENS AND JENNIFER RODRIGUEZ' MOTION FOR SUMMARY JUDGMENT |

　　　　On March 11, 2008, Defendants City of Bell Gardens and Jennifer Rodriguez filed and served a Motion for Summary Judgment as to all the claims contained in Plaintiff's First Amended Complaint.  The Motion was set for hearing on March 31, 2008, at 9:00 a.m. in Courtroom 850 of the above-entitled Court, the Honorable United States District Court Judge R. Gary Klausner, presiding.  Prior to the hearing, the Court notified the parties that no appearance was required and that the Court

would take the motion under review.

On April 9, 2008, the Court issued its Order granting Defendants' Motion for Summary Judgment and ordered Defendants to prepare and submit a Proposed Judgment.

GOOD CAUSE HAVING BEEN SHOWN on Defendants City of Bell Gardens and Jennifer Rodriguez' Motion for Summary Judgment on April 9, 2008, in Courtroom 850 of this Court, and following full consideration of all papers and exhibits before this Court,

IT IS HEREBY ORDERED AS FOLLOWS:

1. **FIRST AMENDMENT CLAIM**

Plaintiff alleged that Defendants violated her right to free speech, as guaranteed by the First Amendment, when she was removed from the City of Bell Gardens City Council meeting on May 9, 2005.  Plaintiff contended that her removal from the City Council Chambers prevented her from expressing her opinions on pending matters during the meeting.

The Court finds that Plaintiff's First Amendment claim for violation of free speech fails as a matter of law because the evidence shows that Plaintiff had the opportunity to speak to the City Council during the designated public participation portion of the meeting on May 9, 2005.  The evidence further shows that, when Plaintiff spoke out of turn after speaking during the public participation portion, she was not removed from the City Council Chambers because of the content of her speech.  Rather, the evidence shows that Defendants removed Plaintiff from the Council Chambers because she violated reasonable restrictions that were placed on public commentary during the meeting.  Such conduct by the Defendants did not constitute a free speech First Amendment violation.  *Kindt v. Santa Monica Rent Control Board*, 67 F.3d 266, 267, 270, 271.

The U.S. Supreme Court has long-established that citizens are not entitled to

exercise their First Amendment rights whenever and wherever they wish. *Adderley v. Florida*, 385 U.S. 39, 47-48 (1966). Since City Council meetings constitute a limited public forum, reasonable time, place and manner regulations are permissible. *Kindt,* 67 F.3d at 270.

Here, the evidence is undisputed that City of Bell Gardens Resolution No. 98-35 ("Resolution") was in effect during the May 9, 2005 City Council meeting. (Plaintiff's Statement of Disputed Facts (Plaintiff's Stmt, No. 1). It is further undisputed that Section 3 of the Resolution provides: (a) members of the public may address the City Council during the Public Comment Period; (b) public comment on non-agenda items shall be limited to three minutes per speaker; (c) persons wishing to speak shall submit a request form to the City Clerk; (d) no person shall address the City Council without first being recognized by the Mayor; and, (e) persistent impromptu comments or disruptive conduct may result in ejection from the meeting after warning by the presiding officer (Colvin Decl., Exhibit A, page 2).

The evidence is undisputed that during the public participation portion of the meeting, Plaintiff spoke in a loud, animated voice and voiced her opinion that there was an abuse of power and that Defendant Rodriguez was a hypocrite (Rodriguez Decl. ¶¶32-33; Saavedra Decl. ¶7). The evidence is further undisputed that Plaintiff was not silenced, or otherwise deterred from speaking during her allotted time (Videotape, 00:37-14- 00:38:06). The Court finds that after the public participation session ended, Plaintiff spoke out again from the audience about an abuse of power. (Rodriguez Decl. ¶40; Saavedra Decl. ¶7). On two separate times, Rodriguez banged her gavel twice and attempted to call Plaintiff to order. (Rodriguez Decl. ¶40; Videotape, 1:21:42-1:22:05). Plaintiff ignored the request and Ortega physically removed Plaintiff from the Council Chambers. (Rodriguez Decl. ¶40; Videotape, 1:21:42-1:22:05; Rodriguez Decl. ¶44; Saavedra Decl. ¶10).

Based upon the evidence presented, the conduct of removing the Plaintiff does not constitute a violation of Plaintiff's free speech under the First Amendment. Accordingly, Defendants' Motion for Summary Judgment as to Plaintiff's First Amendment claims for violation of Free Speech is granted.

### 2. FOURTH AND FOURTEENTH AMENDMENT CLAIMS

The Court finds that Plaintiff's Fourth and Fourteenth Amendment claims that the use of force to remove the Plaintiff from the City Council Chambers by Defendants was unreasonable and excessive fails as a matter of law because the use of force was objectively reasonable under the circumstances. *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001).

The parties submitted into evidence, the videotaped recording of the meeting, including the events at issue. The Court finds from the videotape that, after Defendant Rodriguez banged her gavel a second time, Defendant Ortega and an unidentified third person pulled Plaintiff up from her seat. As Plaintiff was standing, Defendant Ortega grasped Plaintiff under her arms and walked her to the door. The Court finds that Plaintiff mildly struggled against Defendant Ortega's efforts to remove her from the Council chambers. Once Plaintiff was outside the door, Ortega released her, closed the door, and walked back into the room. (Videotape, 1:22:05-25).

Based upon the totality of the evidence, the Court finds, that as a matter of law, Defendant Ortega's conduct was objectively reasonable under the circumstances, and did not constitute an excessive use of force in violation of Plaintiff's Fourth Amendment rights. Accordingly, Defendants' motion for summary judgment is granted as to Plaintiff's Fourth and Fourteenth Amendment claims.

///

### 3. THE INDIVIDUAL DEFENDANTS ARE GRANTED QUALIFIED IMMUNITY

The Court finds that all the individually named Defendants are entitled to qualified immunity as to Plaintiff's claims for violation of free speech and unreasonable use of force.

Generally, even if a constitutional violation has occurred, the actions of government officials are protected from civil liability under the doctrine of qualified immunity. *Camarillo v. McCarthy*, 998 F.2d, 638, 639 (9th Cir. 1993) (*citing Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). When a public official asserts qualified immunity in a Section 1983 action, the Court must determine whether, in light of clearly established principles governing the conduct in question, the official could have believed that his conduct was lawful. *Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir. 1998) (*citing Anderson v. Creighton*, 483 U.S. 635, 641 (1987). Here, the evidence is undisputed that after the public participation portion concluded, Plaintiff spoke out of order, without recognition from Defendant Rodriguez, the Mayor Pro Tem. (Videotape, 1:21:42). Defendant Rodriguez banged her gavel and warned Plaintiff of the offense. (Videotape, 1:21:48). Plaintiff continued speaking (Videotape, 1:21:58). Defendant Rodriguez banged her gavel again, at which time Defendant Ortega physically removed Plaintiff from the City Council chambers room. (Videotape, 1:21:58 – 1:22:25).

Based upon this evidence, the Court finds that a reasonable official could have believed that the conduct at issue was lawful. Because the conduct was lawful, the Court finds that the individual Defendants did not violate Plaintiff's rights to either free speech under the First Amendment or was the use of force unreasonable under the Fourth Amendment. However, even assuming that the individual Defendants violated the constitutional rights of the Plaintiff, the Defendants would still be entitled to qualified immunity. Accordingly, Defendants' motion for summary judgment is granted on the grounds that all the individually named Defendants are entitled to qualified immunity.

### 4. **PLAINTIFF'S *MONELL* CLAIMS**

The Court finds that the individual Defendants did not violate Plaintiff's constitutional rights. The Court finds that the Resolution of the City of Bell Gardens in effect at the time of the incident was reasonable as to time, place and manner regulations. The Court further finds that Plaintiff failed to introduce any evidence of an unconstitutional policy, practice or custom by the City of Bell Gardens. Therefore, Plaintiff's *Monell* claims fail as a matter of law and Defendants' motion for summary judgment is granted as to Plaintiff's *Monell* claims against the City of Bell Gardens.

### 5. **PLAINTIFF'S CONSPIRACY CLAIM**

Since the Court finds that no constitutional violation occurred, Plaintiff's conspiracy claim fails as a matter of law.

Accordingly, Defendants' motion for summary judgment as to all conspiracy claims in Plaintiff's first amended complaint is granted.

IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff Lissette Saavedra, shall take nothing on her first amended complaint against Defendants City of Bell Gardens and Jennifer Rodriguez and that Defendants City of Bell Gardens and Jennifer Rodriguez shall recover costs of suit from Plaintiff.

DATED: August 13, 2008

*Gary Klausner*
Hon. R. Gary Klausner
United States District Court Judge